IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02560-BNB

ZARISSA-AZRIEL LIRIEL QZ'ETAX, a.k.a. SEAN DORN,

    Plaintiff,

v.

EXPERIAN,
EQUIFAX,
TRANS UNION,
COLORADO DEPARTMENT OF CORRECTIONS,
LT. VON METER,
SGT. LITTLE,
MAILROOM EMPLOYEE WITH INITIALS "LR,"
MAILROOM EMPLOYEE WITH INITIALS "TR,"
MAJOR WADE, and
CAPT. GIBSON,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 3 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER TO AMEND COMPLAINT

---

Plaintiff, Zarissa Azriel Liriel Qz'Etax a/k/a Sean Dorn, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling, Colorado, Correctional Facility. Plaintiff has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that her rights under the United States Constitution have been violated. Specifically Plaintiff asserts that three credit reporting agencies refuse to provide her with credit reports and the DOC refuses to provide her with IRS forms that she requested and that were mailed to her by the IRS. Plaintiff seeks injunctive relief and reimbursement for the costs of prosecuting the instant action.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to amend and assert personal participation by properly named defendants and to state with specificity how she has exhausted her administrative remedies.

With respect to Defendants Experian, Equifax, and Trans Union, pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the defendant has violated her rights under the Constitution and laws of the United States while he acted under color of state law. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who " 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.' " *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

In order to satisfy the under-color-of-state-law element, Plaintiff must show that he was deprived of a federal right through conduct that is "fairly attributable to the State." **Lugar v. Edmondson Oil Co.**, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id.*

On Page Two of the complaint form, Plaintiff states that Defendants Experian, Equifax, and Trans Union acted under color of state law. Nonetheless, the Court finds that Defendants Experian, Equifax, and Trans Union do not represent the state in their actions.

As for the remaining Defendants, Plaintiff must assert personal participation by each named defendant in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).

Therefore, Plaintiff is instructed to amend the Complaint and assert how each properly named Defendant personally participated in the alleged constitutional violations.

Furthermore, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle***, 534 U.S. 516, 532 (2002).

Plaintiff is a prisoner confined in a correctional facility. She claims in this action that the DOC and its employees refuse to provide her with IRS forms which she needs to complete and submit to the IRS or otherwise be in violation of federal law for not reporting earned income. Because the IRS forms claim relates to prison conditions Plaintiff must exhaust the available administrative remedies.

Section 1997e(a) also "imposes a pleading requirement on the prisoner." ***Steele v. Fed. Bureau of Prisons***, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." ***Id.*** at 1211.

In response to Question One under Section "F. Administrative Relief," on Page Seven of the complaint form, Plaintiff states that there is a grievance procedure at the institution where she is confined. In response to Question Two under the same section, Plaintiff states that she "filed step 3 but no response to date, as AR 850-04 only allows 90 days to respond to a step 3-I have exhusted [sic] my remedys [sic]."

4

Plaintiff has attached copies of three different grievances that she has submitted. Grievance Nos. SF 05/06-1448, SF 06/07-0062, and SF 06/07-0063. Only in Grievance No. SF 05/06-1448 did Plaintiff file a step-two grievance. The other two step-one grievances were found by DOC staff to be repetitious of Grievance No. SF 05/06-1448.

Although Plaintiff claims that she has exhausted her claims because she filed a step-three grievance and no one answered within ninety days, she fails to attach a copy of the step-three grievance that she alleges she submitted, or in the alternative describe with specificity the date she filed the step-three grievance and the content of the greivance. Furthermore, to the extent that DOC personnel may be responsible for Plaintiff's credit-reporting claim, Plaintiff failed to submit any documentation regarding the exhaustion of the claim.

Plaintiff is advised that § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). If Plaintiff has not exhausted administrative remedies for all of the claims she raises in this action the entire Complaint must be dismissed. Furthermore, § 1997e requires that Plaintiff properly exhaust her administrative remedies, which includes following all procedures set forth in a prison grievance system. *Woodford v. Ngo*, 126 S. Ct. 2378 (2006).

Therefore, Plaintiff will be ordered to amend the Complaint and state with specificity how she has exhausted her administrative remedies. Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** an original copy of an Amended Complaint that complies with the directives in this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of a current Court-approved Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the Amended Complaint to serve each named defendant. It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order to the Court's satisfaction, within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED January 3, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02560-BNB

Zarissa Liriel Qz'Etax
a/k/a Sean Dorn
Prisoner No. 113868
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 1/3/07

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk